No. 24-1198

---

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE THIRD CIRCUIT

---

REUBEN KING

*Plaintiff-Appellant,*

v.

UNITED STATES OF AMERICA

*Defendant-Appellee.*

On Appeal from the United States District Court
For The Middle District of Pennsylvania
No. 5:22-cr-00215-001
Judge Joseph F. Leeson, Jr., United States District Judge

---

## REPLY BRIEF OF APPELLANT REUBEN KING

---

Robert E. Barnes, SBN: 235919
BARNES LAW
700 South Flower Street, Suite 1000
Los Angeles, California 90017
Telephone: (310) 510-6211
Email:  robertbarnes@barneslawllp.com

*Attorneys for Appellant Reuben King*

## <u>TABLE OF CONTENTS</u>

I.   <u>ARGUMENT</u>………………………………………………………………..1

    1. **A Law That Makes It a Crime to Transfer Guns to Your Neighbor Violates the Second Amendment**………………………1

        a. **If the Second Amendment Does Not Protect the Sale of Firearms, Then There Is No Second Amendment**………..1

        b. **When An Agency Cannot Define a Rule, It Is Too Vague to Impose Criminal Punishment For**………………………….4

    2. **Failure to Allow for Reasonable Accommodation for Religious Beliefs Renders the Licensing Photo Requirement Unconstitutional and Violates the Religious Freedom Restoration Act**……………………………………………………………………...4

    3. **A Hundred-Fold Forfeiture Violates the Eighth Amendment**…..6

II.  <u>CONCLUSION</u>……………………………………………………………7

III. <u>CERTIFICATION</u>……………………………………………………….. 8

# TABLE OF AUTHORITIES

**Constitution:**

U.S. Const. Amend. I……………………………………………………………..5

U.S. Const. Amend. II…………………………………………………….1, 2, 6, 7

U.S. Const. Amend. VIII…………………………………………………1, 6, 7

**Cases:**

*Austin v. United States,*
     509 U.S. 602 (1993)……………………………………………………6

*Burwell v. Hobby Lobby Stores, Inc.,*
     573 U.S. 682 (2014)……………………………………………………5

*D.C. v. Heller,*
     554 U.S. 570 (2008)…………………………………………………1, 3

*Ezell v. City of Chicago,*
     651 F.3d 684 (7th Cir. 2011)………………………………………....2

*Holt v. Hobbs,*
     574 U.S. 352 (2015)……………………………………………………5

*Jackson v. City and County of San Francisco,*
     746 F.3d 953 (9th Cir. 2014)………………………………………....2

*Kolender v. Lawson,*
     461 U.S. 352 (1983)……………………………………………………4

*Mack v. Yost,*
     63 F.4th 211 (3d Cir. 2023)…………………………………………..5

*New York State Rifle & Pistol Ass'n, Inc. v. Bruen,*
     597 U.S. 1 (2022)………………………………………………………3

*Solem v. Helm,*
    463 U.S. 277 (1983)……………………………………………………7

*Teixeira v. Cnty. of Alameda*,
    873 F.3d 670 (9th Cir. 2017)………………………………………………2

*Texas v. ATF, No.*
    2:24-CV-089-Z, 2024 WL 2967340 (N.D. Tex. June 11, 2024)………….…4

*United States v. $100,348 in U.S. Currency,*
    354 F.3d 1110 (9th Cir. 2004)……………………………………………..7

*United States v. Abair,*
    746 F.3d 260 (7th Cir. 2014)………………………………………………...6

*United States v. Contorinis,*
    692 F.3d 136 (2d Cir. 2012)……………………………………………………6

*United States v. Marzzarella*,
    614 F.3d 85 (3d Cir. 2010)…………………………………………………1

*United States v. Playboy Ent. Grp., Inc.*,
    529 U.S. 803 (2000)......................................................................................5

## Statutes and Rules:

28 U.S.C. § 2255……………………………………………………………….7

42 U.S.C. § 2000bb-1…………………………………………………………..5

I.    **<u>ARGUMENT</u>**

The government claims extraordinary power: the right to criminalize the transfer of guns between lawful citizens, the right to forfeit a lifetime collection one hundred times the amount involved in the underlying offense, and the means to ignore religious accommodation needs in establishing its gun control surveillance & denial system. Neither the Second Amendment nor the Eighth Amendment justify this power grab at the expense of an Amish farmer doing what his community understood for centuries as normal and customary exercise of Constitutional liberties.

1.   **A Law That Makes It a Crime to Transfer Guns to Your Neighbor Violates the Second Amendment**

a.   **If the Second Amendment Does Not Protect the Sale of Firearms, Then There is No Second Amendment**

As the government concedes, this Circuit already observed that the Second Amendment embraces the right to sell guns. The government concedes that this Circuit previously observed that "an overall ban on gun sales would be untenable under *Heller*." Defendant's Brief at 45. If you can ban the sale of guns, there is no Second Amendment.

The government claims that this Court did not say exactly what this Court said, that "[c]ommercial regulations on the sale of firearms do not fall outside the scope of the Second Amendment." *United States v. Marzzarella*, 614 F.3d 85, 92

n.8 (3d Cir. 2010). They assert that contrary to this Court's plain language, the Second Amendment does not cover commercial regulations on the sale of firearms. Government's Brief, Document 30 at 46. The right to "keep and bear arms" is meaningless if the government can simply regulate the right to *purchase* guns out of existence. U.S. Const. amend. II.

The government also concedes that the only other Court to address this question agrees with Mr. King. Government's Brief, Document 30 at 42. Indeed, the Ninth Circuit held "that the Second Amendment protects ancillary rights necessary to the realization of the core right to possess a firearm for self-defense." *Teixeira v. Cnty. of Alameda*, 873 F.3d 670, 677 (9th Cir. 2017). "[T]he core Second Amendment right to keep and bear arms for self-defense 'wouldn't mean much' without the ability to acquire arms." *Id.* Even "prohibition[s] on the sale of certain types of ammunition" can "burden[] the core Second Amendment right." *Id.* at 677 (quoting *Jackson v. City and County of San Francisco*, 746 F.3d 953, 968 (9th Cir. 2014)). For instance, "without bullets, the right to bear arms would be meaningless." *Id.* (quoting *Jackson*, 746 F.3d at 967) (quoting *Ezell v. City of Chicago*, 651 F.3d 684, 704 (7th Cir. 2011)).

The government concedes that there is no history and tradition of federal regulation of firearms prior to the 1930s. Government's Brief, Document 30 at 51. The appropriate analysis is "'founding-era historical precedent'" rather than

twentieth century laws. *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597

U.S. 1 (2022) (quoting *D.C. v. Heller*, 554 U.S. 570, 631 (2008)). The only other

excuse the government offers is that some government, somewhere regulated

firearms. That is not what the government must prove: they must demonstrate that

there are analogous *federal* regulations within the history and tradition of the

United States. There can be no historical analogue when they concede that there

*were no federal regulations* of firearms sales until the 1930s.

The government does not demonstrate that those state laws are analogous to

that statute. They only demonstrate that state laws *regulated something* to do with

firearms: the government does not assert that they had a similar effect. Bruen

requires that the government demonstrate a "distinctly similar historical

regulation" not just some vague and undefined regulation of firearm sales

generally. *Bruen*, 597 U.S. at 26. In fact, "materially different means" of regulation

of firearms sales "could be evidence that a modern regulation is unconstitutional."

*Id.* at 26–27. If governments had the power to impose these sweeping regulations

of firearm sales, surely they would have enacted similar statutes. However, the

government does not point to a single such law or regulation in its brief. The

Supreme Court has already stated that "somewhat similar regulations" are not

enough. *D.C. v. Heller*, 554 U.S. 570, 634 (2008).

3

The government has not met its burden: it cannot show that this law meets the history and tradition test.

### b. When An Agency Cannot Define a Rule, It Is Too Vague to Impose Criminal Punishment For

The void-for-vagueness doctrine requires that laws provide clear and ascertainable standards so individuals can understand what behavior is prohibited. As noted by the Supreme Court in *Kolender v. Lawson*, 461 U.S. 352, 357 (1983), a penal statute must "define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement." The government concedes that they "recognize that there was no bright line rule for when a federal firearms license is required." Government's Brief, Document 30 at 53.

As a fellow federal court has found, these rules are so vague and ever-shifting that they cannot be enforced in this manner: the agency regulation is likely to be "arbitrary and capricious" under the Administrative Procedures Act. *Texas v. ATF*, No. 2:24-CV-089-Z, 2024 WL 2967340, at *7, 9 (N.D. Tex. June 11, 2024).

This cannot Constitutionally suffice to put an Amish farmer on notice his business was gun dealing when his business was farming. If this isn't void for vagueness, nothing is.

### 2. Failure to Allow for Reasonable Accommodation for Religious Beliefs Renders the Licensing Photo Requirement Unconstitutional and Violates the Religious Freedom Restoration Act

Under the Religious Freedom Restoration Act of 1993, 42 U.S.C. § 2000bb-1, the government must meet the burden to demonstrate that this photo requirement without accommodation met a compelling state interest using the least restrictive means. Indeed, the government must "show that substantially burdening the religious exercise of the 'particular claimant' is 'the least restrictive means of furthering [a] compelling governmental interest.'" *Holt v. Hobbs*, 574 U.S. 352, 353 (2015) (quoting *Burwell v. Hobby Lobby Stores, Inc.*, 573 U.S. 682, 726 (2014)). Likewise, under the First Amendment, "the Government's obligation to prove that the alternative will be ineffective to achieve its goals." *United States v. Playboy Ent. Grp., Inc.*, 529 U.S. 803, 816 (2000). Indeed, government "liability appears mandatory unless the defendant can show that the actions constituting the substantial burden are the least restrictive means of furthering a compelling government interest." *Mack v. Yost*, 63 F.4th 211 (3d Cir. 2023).

The government concedes that the statute has no religious accommodation process. The government faults Mr. King for failing to apply for a religious accommodation, but they do not reference any process for religious accommodations in the first instance. The government expects Mr. King to miraculously create a religious accommodation when the government failed to provide any notice of any accommodation process. It is the government's duty, not Mr. King's, to provide religious accommodations. Furthermore, under RFRA, the

government cannot demonstrate that this is the least restrictive means of enforcing its interest–especially considering that its interest is flat out unconstitutional.

### 3.  A Hundred-Fold Forfeiture Violates the Eighth Amendment

The government argues they can criminally forfeit every gun you own if ever convicted of selling any gun without a commercial license. The government cites no other case example for this extraordinary claim. The defendant's argument is simple: forfeiting a lifetime collection when only a few of those collection items were part of the crime is excessive under the Second & Eighth Amendment.

The government concedes that the protection against excessive fines extends to the proportionality of forfeitures. *Austin v. United States*, 509 U.S. 602 (1993). The government doesn't dispute that the forfeiture penalizes King at a ratio of *one hundred times* (100x) the value of the property involved in the offense. That is the definition of disproportionate. When the product is lawful, only unlawful profits can be forfeited. *United States v. Contorinis*, 692 F.3d 136 (2d Cir. 2012); *United States v. Abair*, 746 F.3d 260 (7th Cir. 2014); *United States v. $100,348 in U.S. Currency*, 354 F.3d 1110 (9th Cir. 2004). Here, almost everything forfeited was not part of Mr. King's profits.

The government concedes the Defendant has a right to possess the guns as part of his collection. Instead, they claim the right to forfeit those guns for trying to sell any of them without a license, a punishment they cite no historical analogous

for in federal gun laws under the Second Amendment and which is a hundredfold the amount involved in the underlying crime. This is the classic example of an excessive forfeiture under the Eighth Amendment. *Solem v. Helm*, 463 U.S. 277, 284 (1983) (holding that the Eighth Amendment prohibits "not only barbaric punishments, but also sentences that are disproportionate to the crime committed.").

## <u>CONCLUSION</u>

For the reasons set forth above, Appellant King respectfully requests this Court recognize the legal errors the district court made below, and further vacate his sentence pursuant to 28 U.S.C. § 2255, remanding to require resentencing with reconsideration of the factors required by law.

Dated September 25, 2024

Respectfully submitted,

/s/ Robert E. Barnes
Robert E. Barnes

*Counsel for Appellant Rueben King*

## CERTIFICATION

I, the undersigned, hereby certify the following:

1. That I am a member of the Bar of the United States Court of Appeals for the Third Circuit.

2. This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because it contains 1531 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(f).

3. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type requirements of Fed. R. App. P. Rule 32(a)(6) because it has been prepared in proportionally spaced typeface using Microsoft word in 14-point Times New Roman. The text of the electronic and paper versions of the foregoing brief are identical.

4. A virus check was performed on this brief, and none was indicated.

5. On September 25, 2024, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF System, which will send notice of such filing to all registered users.

Dated September 25, 2024                    Respectfully submitted,

/s/ Robert E. Barnes
Robert E. Barnes

*Counsel for Appellant Rueben King*