

*U.S. Department of Justice*

*United States Attorney*

*Eastern District of Pennsylvania*

*615 Chestnut Street*
*Suite 1250*
*Philadelphia, Pennsylvania 19106-4476*
*(215) 861-8200*

January 24, 2025

**VIA ELECTRONIC FILING**

Patricia S. Dodszuweit, Clerk
United States Court of Appeals
United States Courthouse, 21st Floor
601 Market Street
Philadelphia, PA 19106

      Re:    United States v. Reuben King
              No. 24-1198

Dear Ms. Dodszuweit:

      The government responds as follows to the questions presented by the Court in its letter dated January 16, 2025.

      ***(1) Whether, in view of Appellant's failure to present legal argument or authority concerning his Religious Freedom Restoration Act (RFRA) claim in his opening brief, following on the District Court's admonition for his failure to raise it in his post-trial motion, Appellant's RFRA claim should be deemed either forfeited or waived on appeal.***

      Appellant Reuben King waived the RFRA issue by not addressing it in his opening brief on appeal.

      While King presented the RFRA issue in his pretrial motion to dismiss the indictment, Appx98-100, he asserted it in his post-trial motion for acquittal only in a reply brief (as noted by the district court, Appx327), and then not at all in his

opening brief on appeal. He made only a cursory argument on this point in his reply brief on appeal. Reply Br. 5. An issue is waived on appeal where the appellant does not state it and present argument in support in his opening brief. This Court held:

> "[The argument in the reply brief comes] too late. . . . Rule 28(a)(5) of the Federal Rules of Appellate Procedure and our Local Rule 28.1(a) require appellants to set forth the issues raised on appeal and to present an argument in support of those issues in their opening brief." [*Ghana v. Holland*, 226 F.3d 175, 180 (3d Cir. 2000)]; *see also Kost v. Kozakiewicz*, 1 F.3d 176, 182 (3d Cir.1993) ("It is well settled that if an appellant fails to comply with these requirements on a particular issue, the appellant normally has abandoned and waived that issue on appeal and it need not be addressed by the court of appeals.").

*Abdul-Akbar v. McKelvie*, 239 F.3d 307, 316 n.2 (3d Cir. 2001) (en banc). Further, under the "party presentation" rule, this Court is limited to addressing issues properly raised by the parties, and should not introduce new issues into the appeal. *United States v. Sineneng-Smith*, 590 U.S. 371, 375 (2020). The RFRA claim therefore should not be considered.

### *(2) Whether any request by Appellant for a religious accommodation would have been futile in light of 18 U.S.C. § 923(a). See United States v. Hardman, 297 F.3d 1116, 1120-21 (10th Cir. 2002).*

The district court denied King's RFRA claim pretrial on the grounds (that the government also advanced) that King never applied for a license to deal in firearms, nor for any religious exemption. The court stated:

> Submitting a photograph is only one requirement under the Act. *See* 18 U.S.C. § 923. Since King never applied, he cannot be certain that he would have received a license even absent the photograph requirement. Importantly, as the Government points out, King does not claim that he ever sought a religious accommodation under the RFRA. Had he done so, and been denied an exemption from the photograph requirement, then the Court's analysis may very well be different. However, since King never applied or sought an exemption from the photograph requirement, he cannot claim now that his freedom to exercise his faith was substantially burdened under the Act.

Appx130-31.

As the district court suggested, it is unknown whether any application for a license would have succeeded. To be sure, 18 U.S.C. § 923(a) provides that a dealer must apply for a license, and: "The application shall be in such form and contain only that information necessary to determine eligibility for licensing as the Attorney General shall by regulation prescribe and shall include a photograph and fingerprints of the applicant." But King neither applied for a license nor sought a waiver of the photograph requirement.

RFRA by its terms "applies to all Federal law, and the implementation of that law, whether statutory or otherwise . . . ." 42 U.S.C. § 2000bb-3(a). RFRA prevents the federal government from "substantially burden[ing] a person's exercise of religion" unless it "demonstrates that application of the burden to the person—(1) is in furtherance of a compelling government interest; and (2) is the least restrictive means of furthering that compelling government interest." 42 U.S.C. § 2000bb-1(a), (b). Thus, an applicant may seek an exemption based on RFRA from any agency enforcing a federal law.

Indeed, the applicable ATF regulation for licensing, 27 C.F.R. § 478.44(a), includes the photograph requirement, but § 478.22(a) states: "The licensee, on specific approval by the Director as provided in this paragraph, may use an alternate method or procedure in lieu of a method or procedure specifically prescribed in this part. The Director may approve an alternate method or procedure, subject to stated conditions, when it is found that: . . . 1. Good cause is shown for the use of the alternate method or procedure . . . ." King never sought to avail himself of this procedure. There is no reason to conclude that such an effort would have been futile.

"As a general matter, to establish standing to challenge an allegedly unconstitutional policy, a plaintiff must submit to the challenged policy," absent a showing that an application for the desired benefit would be futile. *Jackson-Bey v. Hanslmaier*, 115 F.3d 1091, 1096 (2d Cir. 1997) (citing numerous precedential holdings of the Supreme Court and other courts). *Hardman*, cited in the Court's letter, involved illegal possession of eagle feathers, a practice which could be approved by permit for a member of a federally recognized tribe. In that case, "The government acknowledge[d] that each claimant would have been denied a permit based on his failure to fulfill the requirement of membership in a federally recognized tribe." *United States v. Hardman*, 297 F.3d 1116, 1121 (10th Cir. 2002) (en banc). No such concession is appropriate here, for the reasons stated above.

Further, where a person has "acceptable alternative means" available to practice his religion while abiding by applicable law, that law does not present a "substantial burden" on the defendant's religious exercise. *United States v.*

*Stimler*, 864 F.3d 253, 268 (3d Cir. 2017). Here, as King could have applied for a license and sought a religious exemption from the photograph requirement, there is no basis for stating that a request for an exemption would have been futile, nor has King made a prima facie case of a RFRA violation.[1] King therefore may not present the RFRA defense at this time.

> ***(3) Assuming Appellant has standing to raise a defense under RFRA, whether requiring applicant to submit a photograph would be the least restrictive means of furthering a compelling state interest. See 42 U.S.C. § 2000bb-1(b).***

The requirement of licensing of a federal firearms dealer, and of proper identification of such a dealer, certainly serves compelling government interests. The licensing requirement exists to assure that those who deal in dangerous weapons are familiar with and may be trusted to abide by all pertinent firearm laws and regulations, which in part restrict the sale of weapons to individuals prohibited from possessing them, mandate background checks for purchasers, require maintenance of accurate records to allow for the tracing of firearms used in criminal activity, and permit inspections when necessary (and indeed, defendant King did not comply with many of these requirements while selling many hundreds of weapons). The need for such provisions to protect public safety is manifest. It is likewise necessary for officials investigating crime and violations of firearms laws to have a ready means for identifying dealers. *See United States v. Harper*, 634 F. Supp. 3d 594, 603 (N.D. Iowa 2022) (Strand, C.J.) (rejecting a RFRA challenge to application of the felon-in-possession requirement, as "[t]he Government has demonstrated a compelling interest in public safety and preventing crime through the uniform enforcement of gun control laws.").

---

[1] To invoke RFRA, a claimant must make out a prima facie case that (1) he possesses a sincerely held belief that (2) is religious in nature, and (3) application of the challenged law would substantially burden the litigant's religious belief. *United States v. Stimler*, 864 F.3d 253, 267-68 (3d Cir. 2017), *vacated on other grounds by United States v. Goldstein*, 902 F.3d 411 (3d Cir. 2018).

As for the "least restrictive means" issue, the defendant's failure to seek an exemption from the photograph requirement renders it impossible to know whether the vital interest in promptly identifying dealers could be served here through means other than a photograph. *See Quaring v. Peterson*, 728 F.2d 1121, 1126-27 (8th Cir. 1984) (striking on religious grounds a state requirement for a driver's license photograph), *aff'd sub nom. by an equally divided Court, Jensen v. Quaring*, 472 U.S. 478 (1985). Notably, the defendant has not identified any alternative means that would have equally served that compelling interest while also accommodating his religious beliefs. The defendant is most familiar with his religious beliefs, and only he can articulate the means that would be acceptable to him; and then the agency may address the exemption request. Because he did not seek an exemption, the government is not in a position now to know whether one would have been granted or whether a less restrictive alternative to the photograph requirement exists for him (or whether a license would have been denied for any other reason).

In sum, the record does not support a claim under RFRA, as King neither sought a license nor an exemption, and the issue was waived in any event on appeal.

Respectfully yours,

JACQUELINE C. ROMERO
United States Attorney

*/s Robert A. Zauzmer*
ROBERT A. ZAUZMER
Assistant United States Attorney
Chief of Appeals

*/s Joseph A. LaBar*
JOSEPH A. LaBAR
Assistant United States Attorney

cc (via ECF): Robert E. Barnes, Esq.